GEORGE, C. J.
I respectfully dissent. I do so consistent with the position I took in Adams v. Paul (1995) 11 Cal.4th 583 [46 Cal.Rptr.2d 594, *766 904 P.2d 1205] (hereafter Adams), this court’s most recent discussion of the statutes of limitation applicable to actions alleging professional malpractice. In doing so, I recognize that the views expressed by a plurality in the lead opinion in Adams have now been adopted by a majority of the court in the present case, and shall govern future cases.[1]
In Adams, the attorney allegedly failed to apprise the client that she should file a wrongful death action against an estate prior to expiration of the period of limitations relevant to the wrongful death action, and the client’s late filing of the wrongful death action against the estate was opposed by the estate as barred by the statute of limitations. The lead opinion in Adams remanded the case to the trial court to determine whether actionable injury occurred (1) at the time the statute of limitations for the wrongful death action expired, (2) at the time the client opposed the estate’s assertion of the defense that the statute of limitations had expired, or (3) at some other time, such as when the client and the estate arrived at a settlement. (11 Cal.4th at p. 593 (lead opn. of Arabian, J.).)
The dissent by former Chief Justice Lucas, in which I concurred, raised two general objections. First, it noted the inconsistency of the result in the lead opinion with our prior decisions in Laird v. Blacker (1992) 2 Cal.4th 606, 615 [7 Cal.Rptr.2d 550, 828 P.2d 691] (“actual injury” for purposes of the statute of limitations in a legal malpractice action [Code Civ. Proc., § 340.6, subd. (a)(1)] arose at the time of entry of judgment adverse to the client [due to the client-plaintiff’s failure to prosecute], rather than at the conclusion of the appeal, in litigation conducted on behalf of the client by litigation attorneys alleged to have committed malpractice), and ITT Small Business Finance Corp. v. Niles (1994) 9 Cal.4th 245, 257-258 [36 Cal.Rptr.2d 552, 885 P.2d 965] (“actual injury” for purposes of the statute of limitations in a legal malpractice action did not arise until entry of judgment adverse to the client, in litigation initiated by a borrower testing the lender-client’s security interest created by loan documents prepared by the transactional attorney alleged to have committed malpractice). (Adams, supra, 11 Cal.4th 583, 599-602, 605 (dis. opn. of Lucas, C. J.).) Chief Justice Lucas’s dissent also noted that the lead opinion was inconsistent with the policy underlying our decision in International Engine Parts, Inc. v. Feddersen & Co. (1995) 9 Cal.4th 606, 622 [38 Cal.Rptr.2d 150, 888 P.2d 1279] (“actual injury” for purpose of the statute of limitations in an accountant malpractice action [Code Civ. Proc., § 339, subd. 1] did not arise until conclusion of an *767 Internal Revenue Service audit and its final assessment of a deficiency based upon tax returns prepared by the accountant who was alleged to have committed malpractice).
Second, the dissent in Adams concluded that “important policy considerations are best served by a rule recognizing that ‘actual injury’ in missed-statute malpractice cases involving an underlying action occurs at the point of disposition of plaintiff’s underlying lawsuit, whether by settlement, dismissal or adverse judgment.” (Adams, supra, 11 Cal.4th 583, 600 (dis. opn. of Lucas, C. J.).) Those policy considerations include the comparative ease of application of that rule, its consistency with the policy favoring narrow construction of statutes of limitation, and the theoretical and practical advisability of entertaining one lawsuit at a time. (Id. at pp. 599-600, 602-605 (dis. opn. of Lucas, C. J.).) Additionally, a rule that measures the running of the statute of limitations from an early date—before the underlying litigation or controversy has been resolved—inevitably will require (or at least encourage) the early filing of legal malpractice actions that might otherwise not be brought, and may lead former clients, as malpractice plaintiffs, to pursue their legal malpractice action more vigorously than their underlying action against the third party, for reasons other than the relative merits of the two actions and the relative culpability of the respective tortfeasors. For example, the former client may conclude that a wealthy law firm is a less sympathetic defendant than a less affluent third party.
The present case does not involve a missed statute of limitations, as in ' Adams, but rather what was analogous to a missed contractual deadline. Nonetheless, that circumstance does not appear to justify the majority here, any more than it did the plurality in Adams, in abandoning the reasoning employed in Laird v. Blacker, supra, 2 Cal.4th 606, ITT Small Business Finance Corp. v. Niles, supra, 9 Cal.4th 245, and (in the context of a different statute of limitations) International Engine Parts, Inc. v. Feddersen & Co., supra, 9 Cal.4th 606. Furthermore, I believe that in the present case, the policy considerations discussed above continue to favor the approach espoused by the dissent in Adams.
For the foregoing reasons, I would affirm the judgment of the Court of Appeal.

See Kaplan v. Superior Court (1971) 6 Cal.3d 150, 162 [98 Cal.Rptr. 649, 491 P.2d 1] (cone. opn. of Burke, J.); Renters v. Superior Court (1970) 2 Cal.3d 659, 669 [87 Cal.Rptr. 202, 470 P.2d 11] (cone. opn. of Wright, C. J.; id., cone. opn. of Burke, J.).